{¶ 72} I concur with the majority but write separately to clarify the law explaining how an appellate court reviews a challenge to the manifest weight of the evidence. The majority cites the 1967 case ofState v. DeHass, infra, for the statement that "the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts." This case is far from helpful.
 {¶ 73} First, the appeal in DeHass was solely on "questions of law," for example, "(1) the misuse and overemphasis of the term, `guilty,' in the charge and otherwise; (2) reversible error in the charge respecting the third count of the indictment by stating to the jury `that no specific intent is required to constitute the offense of kidnapping with intent to commit rape,' which error confused and misled the jury; and (3) the compounding of such error when the court refused, upon request of counsel, to correct the erroneous charge and in repeating the erroneous charge verbatim when the jury, during the course of its deliberations, asked for further instructions as to the third count of the indictment." These issues are all questions of law, not questions of evidence, as is obvious from the discussion in the opinion.
 {¶ 74} It is not clear, therefore, what questions of evidence the syllabus was addressing when it referred to the weight of the evidence and the credibility of the witnesses. The only reference in the Supreme Court opinion to any dispute regarding the evidence was the observation that "two of the [appellate] judges wished to reverse the judgment below as manifestly against the weight of the evidence." However, the case never states that the issue articulated by the appellant was manifest weight of the evidence. Further troubling in this opinion is the cryptic comment "We make no comment on the reflections cast on the trial judge in the majority opinion of the Court of Appeals, except to say that they were unwarranted, unjustified and had better been left unsaid."
 {¶ 75} The statement in this opinion as to the weight to be given the evidence and the credibility of the witnesses — arising as it does almost as if from the mind of Zeus — without any details of the evidence it pronounces on is simply not helpful. Nor is the case ofState v. Eley, infra, any more enlightening. Indeed, DeHass and Eley are distracting.
 {¶ 76} In 1997, the Supreme Court of Ohio provided a different perspective on the role of the appellate court in challenges to manifest weight: "When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a `"`thirteenth juror'"' and disagrees with the fact-finder's resolution of the conflicting testimony." State v.Thompkins (1997), 78 Ohio St.3d 380, 387, citing Tibbs v. Florida (1982)457 U.S. 31, at 42.
 {¶ 77} The Ohio Supreme Court then quotes a fuller explanation found in State v. Martin (1983), 20 Ohio App.3d 172, 175: "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction."
 {¶ 78} The Ohio Supreme Court incorporated this same statement as if it were its own when the Court explained the standard it was using in the 2001 case of State v. Issa, 93 Ohio St.3d 49. In these later cases, the Court makes no distinction between primary and secondary roles of the courts on questions of manifest weight. Nor is it clear what "primarily" means if the trial court does not have an exclusive role in such matters.
 {¶ 79} I believe the fuller and more recent statements found inThompkins and Issa provide the better explanation of the role of a reviewing court on the manifest weight of the evidence, especially in criminal cases.
It is ordered that appellee recover of appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.